IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRYSANTHUS C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-357-KFP |
| ) | |
| FRANK BISIGNANO,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Chrysanthus C. filed a Complaint seeking review of the Social Security Administration's decision denying his application for disability and disability insurance benefits. Doc. 1. The Commissioner filed an answer. Doc. 4. The Court construes Plaintiff's supporting brief (Doc. 6) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 7) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Doc. 11.

After scrutiny of the record and the pending motions, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for

---

[1] Frank Bisignano is the Commissioner of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See* § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

I. STANDARD OF REVIEW

The scope of this Court's review is limited to a determination of whether the Administrative Law Judge (ALJ) applied the correct legal standards and whether the findings are supported by substantial evidence. *See Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "The statutory phrase 'substantial evidence' is a term of art in administrative law that describes how an administrative record is to be judged by a reviewing court." *T-Mobile South, LLC v. City of Roswell, Ga.*, 574 U.S. 293, 301 (2015) (internal quotations and citation removed). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B*, 305 U.S. 197, 217 (1938)).

Therefore, if the Commissioner's factual findings are supported by substantial evidence, District Courts consider them conclusive and will affirm, "even if 'two inconsistent conclusions [could be drawn] from the evidence.'" *Jones Total Health Care Pharmacy, LLC v. Drug Enf't Admin.*, 881 F.3d 823, 829 (11th Cir. 2008) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)); 42 U.S.C. § 405(g). Further, the District Court will also affirm "even if the proof preponderates against" the Commissioner's decision. *Dyer*, 395 F.3d at 1210.

## II.   BACKGROUND

On February 12, 2020, Plaintiff filed an application for disability insurance benefits, alleging disability beginning April 1, 2015. R. 89–90. The Social Security Administration (SSA) denied his claim. R. 169–81. Plaintiff requested that his claim be reconsidered. R. 183. SSA denied his claim again after reconsideration. R. 184–90. On April 7, 2021, Plaintiff requested a hearing from an ALJ. R. 191. The ALJ rescheduled the hearing multiple times because Plaintiff could not appear by telephone: the first time, Plaintiff was in jail and could not speak on the phone; the second time, Plaintiff was in transitional housing without access to a phone. *See* R. 43.

The ALJ held the telephone hearing on August 21, 2024, where both Plaintiff and an impartial vocational expert (VE) testified. R. 15, 29, 41. Plaintiff was also represented by counsel at the hearing. *See* R. 41. Afterward, the ALJ issued a notice of unfavorable decision, finding Plaintiff not disabled. R. 12–14.

On the alleged disability onset date, Plaintiff was 36 years old. R. 89. At the time of the ALJ's decision, Plaintiff was 46 years old. R. 12, 45, 110. Plaintiff has at least a high school education. R. 28. Plaintiff has no past relevant work. R. 28.

The ALJ found that Plaintiff had the following severe impairments: essential hypertension, chronic systolic congestive heart failure (CHF) with cardiomegaly and dilated cardiomyopathy, sinus tachycardia, stage three chronic kidney disease (CKD3), seborrheic dermatitis, cervical disc degeneration status-post cervical fusion, lumbar disc disease, schizophrenia with paranoia, depression, and polysubstance abuse. R. 18. Regarding substance abuse, the ALJ considered Plaintiff a chronic user of

3

methamphetamine and marijuana. R. 20. The ALJ found a psychological evaluation persuasive, which concluded that Plaintiff's mental impairments were "closely associated with his drug abuse." R. 21.

The ALJ concluded, "if [Plaintiff] stopped the substance use, [he] has the residual functional capacity [(RFC)] to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b)," with certain limitations (R. 24–25); and based upon the RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as laundry sorter, folder, and electrical assembler (R. 29). Further, the ALJ determined that "substance use disorder is a contributing factor material to the determination of disability because [Plaintiff] would not be disabled if he stopped the substance use." R. 29. Accordingly, the ALJ concluded that Plaintiff is not disabled. *Id.*

The Appeals Council denied Plaintiff's request for review. R. 1–6. On May 7, 2025, Plaintiff timely initiated this action. *See* Doc. 1; R. 1–2. Plaintiff has exhausted his administrative remedies, and Commissioner's final decision is ripe for review under 42 U.S.C. § 405(g).

### III.   ISSUE ON APPEAL

On appeal, Plaintiff argues that the ALJ erred by failing to order a consultative examination that would allow the RFC to properly account for his physical limitations.

### IV.   DISCUSSION

The parties disagree as to whether the ALJ needed to order a consultative examination to decide Plaintiff's case. Plaintiff argues that the ALJ committed "reversible error" for failing "to order a consultative examination when such an evaluation is necessary

for [her] to make an informed decision." Doc. 6 at 12. Plaintiff argues, "[a]n ALJ has a basic obligation to develop a full and fair record." *Id*. Therefore, Plaintiff asserts, "[t]he ALJ's duty may require the ordering of a consultative examination if there is 'ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.'" *Id.*

Plaintiff provides multiple reasons why he believes the medical record was inadequate to assess his "neck, heart, and back-related impairments." Doc. 6 at 13. First, he states that the "record did not include a functional assessment of [his] physical capacities and limitations, which the ALJ found to be persuasive, after December[] 2020." *Id*. Next, Plaintiff alleges, "[t]he medical evidence of record lacked any medical evidence of treatment between May[] 2021 and April[] 2023, and little or no treatment from April 2023 to September[] 2024, for the ALJ's evaluation[.]" *Id.* at 13. Finally, Plaintiff concludes that "the clear gaps or holes in the medical evidence of record resulted in unfairness in the evaluation of [his] impairments." *Id.*

The Commissioner argues that Plaintiff "failed to show that the record contains evidentiary gaps that resulted in unfairness or clear prejudice." Doc. 7 at 6. The Commissioner further states, Plaintiff "failed to show that ordering a consultative examination was necessary for the ALJ to make an informed decision." *Id.* The Commissioner found that Plaintiff's condition—if he ceased substance use—"was [not] as limiting as he claimed." *Id.*

"It is well established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d),

5

which is now 20 C.F.R. § 416.912(b)(1)). "Nevertheless, the [plaintiff] bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Id.* (citing 20 C.F.R. § 416.912(a); and 20 C.F.R. §416.912(c), which is now 20 C.F.R. § 416.912(b)). Further, the ALJ has discretion as to the weight of the evidence. *See Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012).[2] If the plaintiff's medical sources are insufficient for the ALJ to make an informed decision, the ALJ "may decide to purchase a consultative examination." 20 C.F.R. § 404.1519a(a). The ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence . . . to make an informed decision." *Ingram v. Comm'r Soc. Sec. Admin*, 496 F.3d 1253, 1269 (11th Cir. 2007).

Therefore, "there must be a showing of prejudice before it is found that the [plaintiff's] right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). When deciding whether remand is necessary, the Court must discern "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)). A showing of prejudice "at least requires a showing that the ALJ did not have all the relevant evidence before [her] in the record . . . or that the ALJ did not consider all the evidence in the record in reaching [her] decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985). Ultimately, the plaintiff has the

---

[2] Here and elsewhere in this Opinion, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

burden of showing that a supplemental evaluation is necessary. *See Ellison*, 355 F.3d at 1276.

As a preliminary matter, the Court cannot review whether the ALJ weighed the evidence properly. *See Beegle*, 482 F. App'x at 486. But, there is substantial evidence showing that the ALJ reviewed the entire record in making her determination. *Kelley*, 761 F.2d at 1540.

Plaintiff has failed to show that he was prejudiced by the ALJ's decision not to order an additional consultative examination. *Graham*, 129 F.3d at 1423. Here, the ALJ considered Plaintiff's 2021 consultative examination unpersuasive with regard to his physical impairments, because it did not properly account for the severity of his congestive heart failure and spinal disc degeneration. R. 27. Plaintiff was aware of the results from the 2021 consultative examination in or around March 2021, because the SSA relied on it to reconsider his application. R. 187. Because Plaintiff is tasked with proving that he is disabled, "he is [also] responsible for producing evidence in support of his claim," *Ellison*, 355 F.3d at 1276, and with proving that gaps in the evidence were clearly prejudicial, *Brown*, 44 F.3d at 935. Therefore, he could have requested a supplemental consultative examination.

If the lack of supplemental examination was indeed prejudicial, Plaintiff could have raised this issue at the hearing, instead of for the first time on appeal. *Ellison*, 355 F.3d at 1276. By submitting evidence into the record without objection, Plaintiff did not give the ALJ reason to believe that the record was insufficient to make an informed decision. *See*

*Ingram*, 496 F.3d at 1269. Therefore, the Court is not persuaded by Plaintiff's argument that he was prejudiced without a supplemental examination.

Next, Plaintiff has failed to show that he was prejudiced by the lack of treatment in the record between 2021 and 2024. Plaintiff argued, "the ALJ did not have sufficient evidence to make an informed decision" with regard to his physical limitations because there were "gaps in the medical record, including long periods wherein no treatment occurred," and wherein Plaintiff was not assessed by medical experts. Doc. 6 at 13. As discussed above, Plaintiff is tasked with proving that he is disabled, therefore "he is [also] responsible for producing evidence in support of his claim," *Ellison*, 355 F.3d at 1276, and with proving that gaps in the evidence were clearly prejudicial. *Brown*, 44 F.3d at 935. If Plaintiff was concerned that he had not seen a medical expert between 2021 and 2024, he could have raised this issue at the hearing.

Further, Plaintiff provided a complete record of his medical visits between 2021 and 2024, notwithstanding the lack of documentation from jails in 2023 and 2024.[3] *See* R. 956–1507. The record reflected that Plaintiff had not sought specialized care for his impairments since 2021.[4] Yet, he is now raising the issue of evidentiary gaps for the first time in this appeal—he neither objected to the completeness of his records at the hearing, nor in writing thereafter. *See Brown*, 44 F.3d at 935. Because Plaintiff was familiar with his medical

---

[3] Letters from Plaintiff's Counsel notified the ALJ one week before the hearing, and two months after the hearing, about ongoing efforts to obtain medical information from various county jails. R. 663, 668. The record does not contain any medical documents from jails.

[4] The ALJ observed that "[Plaintiff] has sought no treatment for pain since 2017." R. 26. Plaintiff confirmed that he had not seen a cardiologist since 2021, while receiving treatment for substance abuse in April 2023. R. 1450. He did not provide any records of seeing specialists for back and neck, or heart-related issues after 2017 or 2021, respectively.

history at the time of the hearing and did not object to its completeness at the time, he has not met his burden of showing that the lack of treatment after 2021 was prejudicial. *Ellison*, 355 F.3d at 1276; *Brown*, 44 F.3d at 935–36. Additionally, Plaintiff has otherwise failed to demonstrate unfairness and prejudice—offering only his conclusion thereof without explaining how the failure to order a consultative exam caused this result. Gaps in medical treatment or treatment records alone is not sufficient to carry the burden. This record does not demonstrate evidentiary gaps *that resulted in* unfairness or clear prejudice.

Finally, Plaintiff's own testimony at the hearing and subsequent assessment by a primary care physician provided sufficient evidence for the ALJ to assess any developments in Plaintiff's impairments since 2021. At the August 21, 2024 hearing, Plaintiff testified that "standing for a while," and sitting and "laying the wrong way" caused him pain. R. 49. He described that the pain was concentrated in his lower back and left elbow. *Id.* Yet, Plaintiff testified that he was able to cook, pick up groceries ordered online, do dishes and laundry, vacuum, mop, clean the bathroom, and take the garbage out. R. 49–50. Plaintiff testified that he had both bachelor's and master's degrees, and was enrolled in school at the time of the hearing. R. 50–52. He could only walk about 20 minutes at a slow pace, because his heart condition caused shortness of breath. R. 55. Because of his back pain, he testified to being able to sit in an upright position for 15-20 minutes before needing to recline. R. 56. He could lift 10 but not 20 pounds. *Id.* He could stand for a maximum of 30 minutes to "do chores like washing dishes." R. 57.

In 2022, he was able to work by folding boxes at a factory. R. 51–52. But he got injured when he tried to do more physically challenging work—loading and unloading

9

trucks. R. 51–52, 60. Then on September 4, 2024, Plaintiff visited Dr. Thomas—a primary care physician—for "elevated BP" and "medication refill," and to "establish care." R. 1508. Plaintiff stated that he was able to care for himself, and did not experience difficulties with daily living activities.[5] R. 1509. The record does not reflect that Plaintiff complained to Dr. Thomas about back and neck-related issues. *See* R. 1508–11. Dr. Thomas prescribed Plaintiff medication for hypertension and congestive heart failure. R. 1510. Plaintiff does not dispute Dr. Thomas's findings, and the ALJ included this assessment as part of her RFC determination. Plaintiff's own testimony from the ALJ hearing and Dr. Thomas's assessment both support the ALJ's RFC determination that Plaintiff can perform light work, rendering a supplemental examination superfluous.

Altogether, the record provides sufficient evidence to support the ALJ's discretionary decision not to order a supplemental consultative examination before deciding Plaintiff's case. *See Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 713 (11th Cir. 2017) (quoting 20 C.F.R. § 416.919a(b)) ("Ordering a consultative examination is a discretionary matter for the ALJ and would be sought 'to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision' on the claim."). Plaintiff has not made an adequate showing that the existing medical sources are insufficient to make an informed decision, necessitating a consultative examination. *See* 20 C.F.R. § 404.1519a(a). He has not shown any evidentiary gaps that resulted in unfairness or clear prejudice. Ultimately, Plaintiff must bear the

---

[5] Plaintiff stated that he did not experience difficulties seeing, hearing, concentrating, remembering, making decisions, walking, climbing stairs, dressing, bathing, or doing errands alone. R. 1509.

responsibility for and consequences of the limited medical record, as it was his burden, not the ALJ's, to produce medical evidence supporting his claim for disability. *See Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir. 2014) (holding that the RFC was supported by substantial evidence, so no consultative exam needed to be ordered). Therefore, Plaintiff has not met his burden of showing that a supplemental evaluation was necessary. *Ellison*, 355 F.3d at 1276.

## V.   CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 6) is DENIED;

2. The Commissioner's Motion for Summary Judgment (Doc. 7) is GRANTED; and

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 15th day of December, 2025.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE